UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricardo RAMIREZ–MARTINEZ,
Defendant–Appellant.

No. 00–50204.

D.C. No. CR–99–00639–CM.

United States Court of Appeals,
Ninth Circuit.

Submitted * April 5, 2001.

Decided May 10, 2001.

---

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

Before HUG, DUHÉ ** and TALLMAN, Circuit Judges.

MEMORANDUM ***

Ricardo Ramirez–Martinez pled guilty to being found in the United States after having been officially deported, in violation of 8 U.S.C. § 1326(a). He was given a 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) for having committed an aggravated felony prior to deportation.

The 16–level enhancement does not violate the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See*

*United States v. Pacheco–Zepeda*, No. 99–50720, 2000 WL 33156290, at *3 (9th Cir. Feb.8, 2001).

Ramirez also challenges the district court's decision to deny him a one-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b) in addition to the two-level reduction he received pursuant to U.S.S.G. § 3E1.1(a). To satisfy the requirements of § 3E1.1(b)(1), a defendant must show, inter alia, that he timely confessed to all of the elements of the substantive offense. *See United States v. Corona–Garcia,* 210 F.3d 973, 980 (9th Cir.2000).

Although Ramirez admitted that he was placed on a bus back to Mexico, he did not admit that he had been deported. Moreover, he never informed the INS agent that he had been deported on eight other occasions. Therefore, the district court did not clearly err in refusing to grant the additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

AFFIRMED.

---

** Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.